UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID CHRISTIAN,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY

    Defendant.

Case No. 1:11-cv-371

Judge Barrett
Magistrate Judge Bowman

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act (EAJA") (Doc. 15), Defendant's Memorandum in Opposition (Doc. 17), and Plaintiff's Reply Memorandum. (Doc. 18).

Pursuant to local practice, Plaintiff's Motion for Attorney Fees has been referred to the undersigned Magistrate Judge for initial consideration and a Report and Recommendation ("R&R"). 28 U.S.C. § 636(b). For the reasons stated herein, I recommend that Plaintiff's Motion be granted, *in toto*.

**I.    Background and Facts**

On July 17, 2012, this Court issued a R&R that Plaintiff's case be reversed and remanded pursuant to Sentence Four of 42 U.S.C. § 405(g). (Doc. 12). Neither party filed objections to that R&R and on August 9, 2012, the District Court adopted the R&R in its entirety and remanded the matter for further proceedings under Sentence Four of 42 U.S.C. § 405(g). (Doc. 13). Plaintiff timely filed his motion for fees pursuant to 28

1

U.S.C. § 2412(d). (Doc. 15). In that Motion, counsel requested fees in the amount of $3,547.50, which is comprise of 21.5 hours of work at the requested hourly rate of $165. The Commissioner opposes Plaintiff's motion, arguing that Plaintiff has not shown the hourly rate requested to be reasonable, and requests that this Court reduce the amount requested accordingly. (Doc. 17).

II.     Analysis

In order for Plaintiff to be eligible for a fee award under the EAJA, he must show: (1) that he was the prevailing party; (2) that the government's position was not substantially justified; and (3) that no special circumstances make the award unjust. *See* 42 U.S.C. § 2412(d)(1)(A). The Commissioner does not dispute that these three requirements are met, only that the fee is unreasonable.

The EAJA authorizes an award of reasonable fees as follows:

> The amount of fees awarded…shall be based upon prevailing market rates for the kind and quality of the services furnished, except that…attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28. U.S.C. § 2412(d)(2)(A).

The Court has discretion to award fees greater than the $125 per hour statutory rate. *Begley v. Secretary of Health and Human Servs.*, 966 F.2d 196, 198–99 (6th Cir.1992). The Sixth Circuit has held that "in requesting an increase in the [$125] hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). "Plaintiffs must 'produce satisfactory evidence—in addition to the attorney's own

2

affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of comparable skill, experience, and reputation.'" *Id.* at 895 n.11 (quoting *Blum v. Stenson*, 465 U.S. 886, 898 (1984).

In support of Plaintiff's motion, counsel submitted an affidavit describing her qualifications and experience, as well as a time record of the work done for Plaintiff regarding his case in the Southern District of Ohio. (Doc. 15). According to *Bryant*, this alone would not be enough to meet Plaintiff's burden to put forth evidence supporting the increase from the statutory $125. However, Plaintiff has also submitted a 2010 Ohio Bar Association Survey of attorney fee rates where the mean hourly rate for the Greater Cincinnati area is $231. (Doc. 18). This Court and others have previously acknowledged that the "'results of a fee survey conducted by a state or local bar association'" can be proof of a prevailing market rate. *Blackburn v. Astrue*, 2012 WL 604221 (S.D. Ohio Feb. 24, 2012)) (Bowman, MJ) (citing *Zellner v. Astrue*, 2012 WL 273937 (S.D. Ohio Jan. 31, 2012)); *see also Wagner v. Comm'r of Soc. Sec.*, 2012 WL 1224736 (S.D. Ohio Apr. 11, 2012) (Report and Recommendation) (Litkovitz, MJ), *adopted* 2012 WL 1656973 (S.D. Ohio May 10, 2012 (Dlott, J.).

Furthermore, Plaintiff has cited to multiple recent court decisions in the Southern District of Ohio in which fees of over $165 per hour have been found to be in line with those prevailing in the community for similar services. *See, e.g., id.* (awarding $176.49 per hour); *Saxton v. Astrue*, 2012 WL 3078821 (S.D. Ohio July 30, 2012) (Black, J.) (awarding $177.66 per hour). Taking together the survey, cases, and Plaintiff's counsel's own affidavit, Plaintiff has met the burden of showing that the prevailing rate is at least $165.

3

Having met this burden, the Court next turns to the whether the increase is justified by an increase in the cost of living.[1] The Consumer Price Index ("CPI") is the best indicator of the cost of living increase. *See Saxton v. Astrue*, 2012 WL 3078821 (S.D. Ohio July 30, 2012) (Black, J.). Applying the CPI All Items Index (www.bls.gov/cpi) for 2011 and 2012 to the $125 statutory cap results in an hourly rate above $165.[2] Thus, Plaintiff's counsel's requested hourly rate of $165 is well within the EAJA's reasonable allowable fee.

Finally, the Defendant does not contend that the number of hours spent by Plaintiff's counsel on this case is unreasonable. The Court, having reviewed the number of hours submitted by Plaintiff's counsel (Doc. 15, Schedule A), finds such hours reasonable and relevant to the prosecution of this matter. Because Plaintiff has shown justification for an increase from the statutory cap, the Court find that the fee requested is reasonable and should be awarded under EAJA.

## III. Conclusion

For the reasons stated herein, **IT IS RECOMMENDED** that the EAJA fee petition filed by Plaintiff's counsel (Doc. 15) be **GRANTED,** and that Plaintiff be **AWARDED $3,547.50** in attorney fees.

                                               *s/Stephanie K. Bowman*
                                               Stephanie K. Bowman
                                               United States Magistrate Judge

---

[1] This is not a case where a "special factor" justifies a higher fee.
[2] In both 2011 and 2012 the hourly rate numbers are above $170 an hour. The exact numbers are unimportant here. What is important is that Plaintiff's counsel's requested rate is below all of those hourly rates.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID CHRISTIAN,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY

    Defendant.

Case No. 1:11-cv-371

Judge Barrett.
Magistrate Judge Bowman

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).